IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 12, 2004 Session

## IN RE: THE ESTATE OF DILLARD PHILLIPS, Deceased, LEROY PHILLIPS, v. CORA CHITWOOD

Direct Appeal from the Probate Court for Scott County
No. 796-P     Hon. James L. Cotton, Jr., Judge

Filed September 20, 2004

No. E2004-00116-COA-R3-CV

In this action to contest a Will, the Trial Court granted proponent summary judgment. On appeal, we vacate and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Probate Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON LEE, J., joined.

Brian J. Hunt, and Mark S. Cizek, Clinton, Tennessee, for Appellant.

Johnny V. Dunaway, LaFollette, Tennessee, for Appellee.

## OPINION

In this Will contest, the Trial Court granted proponent of the Will summary judgment. Plaintiff has appealed on the grounds that the Trial Court granted summary judgment before discovery had been completed and that there was material evidence that the Will was invalid because of testator's lack of testamentary capacity.

Deceased died on February 3, 2003, at the age of 93. The Will was executed on September 16, 2002 and his sister was named executrix of the estate. The Will was probated in common form and letters testamentary issued on February 10, 2003. Plaintiff, decedent's son, filed

a Petition to Contest the Will on April 9, 2003 alleging the deceased was either incompetent or under undue influence at the time the Will was executed. The Executrix filed a Motion for Summary Judgment which the Trial Court granted on December 11, 2003.

The one-page Will bequeaths the entire estate in equal shares to the executrix Cora Chitwood and two of decedent's nieces. No objections were raised in the Trial Court regarding the formalities of the execution of the Will or the attesting witnesses. Plaintiff relies on two facts to support his claim. Plaintiff is the son of the deceased and an heir at law; yet the decedent recited in the Will that he had no children. The other assertion is that the executrix held a durable power of attorney given by the deceased on November 15, 1999.

The executrix initially denied that plaintiff is in fact decedent's son, but does not dispute it for purposes of the Motion for Summary Judgment. According to Phillips' birth certificate, he was born in 1936 to Dillard E. Phillips and Deborah Stanley Phillips, who were divorced in 1940. The divorce decree recites that one child was born of the marriage, Leroy Phillips, and grants sole custody of the child to the mother. Plaintiff went by the name of his stepfather, Saveley, for most of his childhood, but changed his name back to Leroy Phillips after the tenth grade and leaving school briefly to join the Air Force. Plaintiff has a criminal and incarceration record and used both names at various times during adulthood.

The record shows that Plaintiff had no personal relationship with his father, the decedent. He could recall only two occasions of personal contact with Dillard Phillips after the age of 14 or 15.[1] There was contact in 1957, in decedent's store. Plaintiff testified that he visited with his father about half an hour, and the last time Plaintiff visited decedent was at his home in 1998, about five years before the latter's death. It was a casual visit lasting about an hour and a half; they did not discuss decedent's personal matters. At that time decedent appeared well and healthy and in possession of his mental faculties according to Plaintiff. Plaintiff did not attend his father's funeral because he was not aware of it.

Plaintiff had no personal knowledge of what was going on in decedent's life or that he was incompetent or subject to undue influence when the Will was executed.

The standard of appellate review on summary judgments is well established. Summary judgment motions present only questions of law, and therefore are reviewed *de novo* with no presumption of correctness of the trial court's findings. Tenn. R. App. P. 13(d)*; Edwards v. Hallsdale-Powell Utility Dist. Knox County, Tenn.,* 115 S.W.3d 461, 464 (Tenn. 2003). Summary judgment proceedings are appropriate in most civil cases that present only legal issues, including will contests. *Keasler v. Estate of Keasler,* 973 S.W.2d 213, 217 (Tenn. Ct. App. 1997).

Tenn. R. Civ. P. 56.04 provides that summary judgment is appropriate if "the

---

[1]Plaintiff did see his father from a distance a few times at family reunions, but was not allowed to talk to him. They also spoke briefly at plaintiff's uncle's funeral.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The court adjudicating a motion for summary judgment views the evidence "in the light most favorable to the nonmoving party," and draws all reasonable inferences in the nonmoving party's favor, and discards all countervailing evidence. *Staples v. CBL & Assocs., Inc*., 15 S.W.3d 83, 89 (Tenn. 2000). At that point, if a dispute remains as to any material fact, or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Byrd v. Hall,* 847 S.W.2d at 208, at 211.

A non-moving party facing a motion for summary judgment may present an affidavit explaining why further discovery is necessary before ruling on the motion. Tenn. R. Civ. P. 56.07; *Byrd,* 847 S.W.2d at 215 n.6. The opponent of a motion for summary judgment possesses no absolute right to additional time for discovery, and if there has been a reasonable opportunity for discovery, the party is obliged to make an affirmative showing that there is some evidence not presently before the court and why more time and additional discovery is needed. *Harwell v. American Medical Systems, Inc.,* 803 F. Supp. 1287, 1294 (M.D. Tenn. 1992). Waiting until the day of the hearing on a motion for summary judgment to seek additional time is usually too late. *Harden v. Danek Medical, Inc.,* 985 S.W.2d 449, 453-54 (Tenn. Ct. App. 1998).

Plaintiff contends the executrix set the motion for hearing and subsequently filed objections to his request for production of decedent's bank records and he was therefore thwarted in obtaining discovery. The record does not indicate what admissible evidence, if anything, would be obtained or that would lead to the discovery of admissible evidence. Plaintiff argues that the records "presumably fell under Appellee's Power of Attorney," and that he hoped their discovery would support his claim of undue influence. He had not attempted to subpoena the records or take the deposition of the records custodian. Moreover, the executrix's objections to producing the records were filed October 9, 2003, some two months before hearing on the motion for summary judgment. Plaintiff did not file a motion for an expedited hearing on the objections, nor any request for an extension of the summary judgment hearing. Failure to file a motion for a continuance of the summary judgment hearing followed by a notice of expedited hearing on the motion precludes raising on appeal a lack of opportunity to complete discovery. *Warmath v. Payne,* 3 S.W.3d 487, 491-92 (Tenn. Ct. App. 1999).

Plaintiff cites *Montague v. Kellum,* 2001 WL 523364 (Tenn. Ct. App. 2001) where this Court held that it was an abuse of discretion to hear the motion for summary judgment before discovery was complete. *Montague* is inapposite because in that case, the Court had issued an order prohibiting discovery, which is not the situation here. Plaintiff simply did not act timely in completing discovery with no good cause shown. Discovery was conducted by both parties, and five months passed between the filing of the original petition and the filing of the motion for summary judgment; three more months passed between the motion and the hearing. Plaintiff has offered no explanation of why the proper motion for continuance and supporting affidavits were not brought before the Court as required under the Rules of Civil Procedure, and offers us no justification for the failure to otherwise diligently pursue discovery. We find this issue to be without merit.

Plaintiff's argument regarding decedent's incompetency is based upon the inaccurate statement in decedent's Will: "I acknowledge and declare that I am a widower, and I have no children." Plaintiff asserts that this statement creates a "suspicious circumstance" that deceased was suffering from an insane delusion that he was childless when he was not.

The statutory prerequisites for making a valid Will are that the person be of sound mind and 18 years of age or older. Tenn. Code Ann. § 32-1-102. The authorities hold the testator must be of sound and disposing mind and memory. *Pritchard on Wills and Administration of Estates*, 6th Edition, poses the issue thusly:

> §101. The question is not so much what was the degree of memory possessed by the testator, as this; had he a disposing mind and memory? Was he capable of recollecting the property he was about to bequeath, the manner of distributing it, and the objects of his bounty?[2] To sum up the whole in the most simple and intelligible form - were his mind and memory sufficiently sound to enable him to know and to understand the business in which he was engaged at the time he executed his Will". § 101, page 165.

A natural object of the testator's bounty is defined in *Black's Law Dictionary, 6th Edition:*

> In testamentary law, term comprising whoever would take, in the absence of a will, because they are the persons whom the law has so designated, and in the ordinary case, the law follows the normal condition of near relationship.

The executrix relies upon *Hammond v. Union Nat. Bk.,* 189 Tenn. 93, 222 S.W.2d 377 (1949). In that case, the deceased's will made no mention of his only daughter or her child. The Court in that case essentially held that the failure to mention the daughter did not establish a disputed issue of material fact as to testator's capacity to make a will. In this case, the testator neither disinherited the son, nor acknowledged his existence, but factually stated that he had no child. The Will itself, may be considered along with other evidence in deciding the issue of mental capacity. *Hammond*, p. 380. A concise explanation as to capacity to make a will is stated in Am. Jur. 2d. *Wills,* §66, p.322:

> Broadly speaking, a person who is capable of transacting ordinary business is capable of making a valid will, but in exceptional cases, one may have capacity to attend to the ordinary business affairs of life and yet be without capacity to make a will, as, for example, where the testator is insane with reference to the subjects connected with the testamentary disposition of his property and the natural objects of his bounty.

We conclude that the testator's denying that an object of his bounty existed, as set forth in his Will, is an adequate basis to raise as a disputed issue of material fact as to his competency to make a will,

---

[2]"Only in legal writing may persons be objects." <u>A Dictionary of Modern Legal Usage</u>, 2nd Ed. Garnor, p.607).

since the cases are replete in holding that the maker of a will must know the objects of his or her bounty.

We pretermit the remaining issues, vacate the summary judgment and remand for further proceedings consistent with this Opinion. The cost of the appeal is assessed against the Estate.

_____
HERSCHEL PICKENS FRANKS, P.J.